# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA RUTH LIXENBERG,<br><br>*Plaintiff,*<br><br>v.<br><br>OATH INC. *i/s/h/a*<br>VERIZON MEDIA GROUP *d/b/a*<br>HUFFINGTON POST.COM, INC.,<br><br>*Defendants.* | Civil Action No. 1:19-cv-01208-RA |

## DEFENDANT OATH INC.'S ANSWER TO COMPLAINT

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant Oath Inc. ("OATH" or "Defendant"), incorrectly sued herein as VERIZON MEDIA GROUP d/b/a THE HUFFINGTON POST.COM, INC., by and through its undersigned counsel, hereby responds as follows to the Complaint in the above-captioned action.

OATH bases its responses to the allegations in the Complaint on actual knowledge of its own actions, and on information and belief with respect to all other matters. The numbered paragraphs herein correspond to the numbered paragraphs in the Complaint. Unless expressly admitted, all allegations in the Complaint are hereby denied.

1. OATH admits that Paragraph 1 of the Complaint purports to set forth an action for infringement under the U.S. Copyright Act, 17 US.C. § 101 *et seq.* OATH denies the other and remaining allegations of this paragraph, including without limitation any suggestion or implication that OATH has committed any unlawful act or that Plaintiff Dana Ruth Lixenberg ("Plaintiff") is entitled to monetary or other relief.

2.	Paragraph 2 of the Complaint contains legal conclusions as to which no response is required.

3.	Paragraph 3 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, OATH does not contest this District as the venue for this action.

4.	OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

5.	Denied.

6.	OATH admits that the Complaint purports to sue "DOES 1 through 10" under fictitious names. Oath lacks sufficient information to admit or deny the remaining allegations in Paragraph 6, and therefore denies the same.

7.	Denied with respect to OATH. OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph with respect to the other Defendants, and therefore denies the same.

8.	With respect to the first sentence in this paragraph, OATH denies that it was engaged in any unlawful or wrongful acts. OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies the same.

9.	OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the first sentence in this paragraph, and therefore denies the same. OATH otherwise denies the remaining allegations of this paragraph.

10. OATH admits that on or about March 21, 2016, the Subject Blog Post appeared on the www.huffingtonpost.com website. OATH otherwise denies the allegations of this paragraph, including that the Subject Post is a complete and accurate copy of the article.

11. OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

12. Denies each and every allegation contained in this paragraph.

13. OATH admits that the Subject Post appeared on the www.huffingtonpost.com website. OATH otherwise denies the allegations of this paragraph.

14. OATH admits that it did not license from Plaintiff or seek permission from Plaintiff to use the Photograph. OATH, however, denies that any such license or permission was required, and denies the remaining allegations of this paragraph.

15. OATH lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

16. OATH repeats its responses to the allegations in paragraphs 1 through 15 of the Complaint as though set forth fully herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. OATH repeats its responses to the allegations in paragraphs 1 through 23 of the Complaint as though set forth fully herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. OATH repeats its responses to the allegations in paragraphs 1 through 30 of the Complaint as though set forth fully herein.

32. Denied.

33. Denied.

34. Denied.

### AFFIRMATIVE DEFENSES

As and for its affirmative defenses, OATH hereby alleges as follows:

### First Affirmative Defense

The Complaint fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Plaintiff suffered no damages directly or proximately caused by any act or omission alleged in the Complaint.

### Third Affirmative Defense

To the extent, if any, that OATH's use of the Photograph was unauthorized, OATH's acts were innocent, in good faith, and non-willful, as OATH was not aware and had no reason to believe that its acts were unauthorized.

## Fourth Affirmative Defense

Plaintiff's use of the photograph-at-issue constituted fair use under Section 107 of the U.S. Copyright Act, 17 U.S.C. § 107.

## Fifth Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of laches.

## Sixth Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of consent, acquiescence, or license.

## Seventh Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrines of estoppel and waiver.

## Eighth Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because OATH is entitled to one or more of the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## Ninth Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Plaintiff failed to mitigate damages.

### Tenth Affirmative Defense

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Plaintiff's alleged copyright is invalid and/or unenforceable.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent OATH's action and speech are protected by the First Amendment.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her failure to join indispensable parties.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred because the damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained in violation of the Due Process clause.

### Additional Affirmative Defense

OATH reserves the right to raise additional affirmative defenses as further information becomes available.

**WHEREFORE**, having fully answered, OATH prays that this Court deny all relief sought by Plaintiff in the Complaint (including, without limitation, the entirety of the Complaint's Prayer for Relief subparagraphs a-g thereof); enter judgment in favor of OATH and against Plaintiff on the Complaint; award OATH its costs, attorneys' fees and expenses; and grant Plaintiff such other and further relief as this Court deems just and proper.

Dated: March 21, 2019
     New York, New York

Respectfully submitted,

/s/ Jonathan D. Reichman
Jonathan D. Reichman
Jeremy S. Boczko
HUNTON ANDREWS KURTH LLP
200 Park Ave
New York, New York 10166
Tel.: (212) 309-1000
Fax: (212) 309-1100
Email: jreichman@huntonak.com
        jboczko@huntonak.com

*Attorneys for Defendant Oath Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 21, 2019, I filed a true and correct copy of the foregoing document via the Court's electronic-filing system, which will send electronic notification of such filing to all counsel-of-record in this action.

/s/ Jonathan D. Reichman
Jonathan D. Reichman

*Attorney for Defendant*
*Oath Inc.*