

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
231 Norman Avenue, Suite 413
Brooklyn, New York 11222

April 8, 2019

**DELIVERED VIA ECF FILING**
**The Honorable Ronnie Abrams**
**Thurgood Marshall**
**United States Courthouse**
**40 Foley Square**
**New York, New York 10007**

        Case:   **Dana Ruth Lixenberg v. Verizon Media Group;**
             **et al., 1:19-cv-01208-RA**
        Matter:  **April 19, 2019 Case Management Conference**

Your Honor:

  The parties submit this letter in accord with the Court Order dated February 12, 2019. See U.S.D.C. Dkt. No. 8. The requisite issues are addressed below:

  **1.  A brief description of the nature of the action and the principal defenses thereto.**

  Plaintiff, Dana Lixenberg, asserts that Defendants copied and published without her consent her iconic photograph of the late recording artist Christopher "Notorious B.I.G." Wallace. This photograph is an iconic work of great value to Ms. Lixenberg and enjoys widespread popularity and acclaim in both the music and photography communities. Defendants' publication of the subject image on their heavily-trafficked web publication without Ms. Lixenberg's consent (and, indeed, without even reaching out to her to request such consent) constitutes willful infringement under the Copyright Act.

  Defendant, Oath Inc. (incorrectly sued as Verizon Media Group), which operates [www.huffingtonpost.com](www.huffingtonpost.com), vigorously disputes Plaintiff's allegations with respect to injury and willfulness.

  Oath's principal defenses to Plaintiff's claims are fair use, given that it used the subject photograph (the "Photograph") for a different purpose -- *i.e.*, in connection with a news article -- than (on information and belief) the purpose for which it was taken. *See* 17 U.S.C. § 107;

1

*Philpot v. Media Research Center Inc.*, 279 F. Supp. 3d 708, 721 (E.D. Va. 2018) (finding fair use in a "pro-life" group's publication of a photograph of a country music performer in the context of articles about pro-life performers); *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 596 (S.D.N.Y. 2018) (where defendant online news outlet published photo of football player Tom Brady in articles relating to Brady, "[t]here is . . . a very serious and strong fair use defense . . . .").

Oath also asserts that it is entitled to the Digital Millennium Copyright Act's safe harbor provision for storage of material at the direction of the user. In particular, because OATH offers a website that hosts and allows online sharing of content at the direction of users, it qualifies as a service provider under § 512(k)(1)(B). OATH did not have actual knowledge of the infringing activity. OATH neither has the right and ability to control the alleged infringing activity nor receives direct financial benefit from the alleged infringing activity. Upon notification of the claimed infringement, OATH responded to remove the allegedly infringing material.

**2.    A brief explanation of why jurisdiction and venue lie in this Court. If any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. If any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners and/or trustees.**

Defendant's primary place of business is in this District and it published the disputed image from within this District.

**3.    A brief description of all contemplated and/or outstanding motions.**

Should the parties not resolve this matter, Plaintiff intends to file a motion for summary adjudication as to the issue of liability for infringement. Defendant anticipates moving for summary judgment on the grounds of fair use and safe harbor under DMCA after discovery closes.

**4.    A brief description of any discovery that has already taken place, and/or that which will be necessary for the parties to engage in meaningful settlement negotiations.**

Discovery has not yet commenced but the parties intend to propound interrogatories, requests for production and requests for admission. They also intend to conduct party depositions and may designate experts.

**5.    A brief description of prior settlement discussions (without disclosing the parties' offers or settlement positions) and the prospect of settlement.**

On March 22, 2019, Plaintiff made a settlement demand. Defendants responded on April 1, 2019. The parties believe there is a reasonable possibility of settlement and request mediation before a Magistrate Judge.

6. **The estimated length of trial.**

The parties estimate that trial will take two days, inclusive of jury selection. Should the question of liability be decided at the summary adjudication stage, Plaintiff estimates that trial will take one day.

7. **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

None, aside from (what plaintiff asserts to be) the relative fame that the subject photograph has enjoyed.

Plaintiff served a cease and desist letter in June of 2016 and attempted to resolve this dispute but Defendant failed to meaningfully respond. To date, Defendant has failed to make a monetary offer.

Defendant asserts that Plaintiff's counsel initiated this dispute by filing the lawsuit, and made no effort to resolve this matter short of litigation.

Very truly yours,

By:  /s/ *Scott Alan Burroughs*
     Scott Alan Burroughs
     For the Plaintiff

By:  /s/ *Jeremy S. Boczko*
     Jonathan D. Reichman
     Jeremy S. Boczko
     For the Defense